**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**DEC 08 2017**

JAMES W. McCORMACK, CLERK
.By:_____
                              DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANTHONY "TONY" JOSEPH DILLON,
As Special Administrator of the Estate of
Jannell Dillon, deceased                                    PLAINTIFF

VS.                        NO. 4:17-cv-813-JLH

MAXUS PROPERTIES, INC.; and
LANDINGS ACQUISITION, L.L.C.                               DEFENDANTS

### DEFENDANTS' NOTICE OF REMOVAL

Comes the Defendants, Maxus Properties, Inc. and Landings Acquisition, L.L.C., pursuant

to 28 U.S.C. §§ 1441(a) and 1446(b), and file the following Notice of Removal of this civil action

from the Circuit Court of Pulaski County, Arkansas, to the United States District Court for the

Eastern District of Arkansas, Western Division:

### BACKGROUND

1.     This is a wrongful death civil action brought by Plaintiff, Anthony "Tony" Joseph

Dillon, as Special Administrator of the Estate of Jannell Dillon, deceased, against these

Defendants.    The underlying action is styled Anthony "Tony" Joseph Dillon, as Special

Administrator of the Estate of Jannell Dillon, deceased vs. Maxus Properties, Inc. and Landings

Acquisition, L.L.C., Case No. 60CV-17-6293, and was brought in the Circuit Court of Pulaski

County, Arkansas, Second Division.

2.     The action was commenced by the filing of a Complaint on November 3, 2017.

The Complaint seeks recovery for the death of Jannell Dillon, deceased, as the result of a fire

occurring in Little Rock, Arkansas on August 18, 2016.

**This case assigned to District Judge** *Holmes*
**and to Magistrate Judge** *Ray*

1

3. A copy of the state court process and pleadings served on Defendants and Defendants' Answer, as well as other pleadings in the Circuit Court proceeding, are attached hereto and collectively marked as Exhibit "1".

## THE PLAINTIFF

4. Defendants understand and believe, and therefore assert, that Plaintiff Anthony "Tony" Joseph Dillon, the Special Administrator of the Estate of Jannell Dillon, deceased, is a resident of the State of Arkansas, residing in Pulaski County, Arkansas.

5. Defendants understand and believe, and therefore assert, that the deceased, Jannell Dillon, was at the time of her death a resident of the State of Arkansas, and resided at the Landings at Rock Creek Apartments, in Pulaski County, Arkansas.

## THE REMOVING DEFENDANTS

6. Defendant, Maxus Properties, Inc. is a foreign corporation, organized in the State of Missouri, whose principal place of business is North Kansas City, Missouri.

7. Defendant, Landings Acquisition, L.L.C. is a foreign limited liability company organized in the State of Missouri, none of whose members reside in the State of Arkansas.

## GROUNDS FOR REMOVAL

8. This action is being removed pursuant to 28 U.S.C. § 1441 *et seq.*, inasmuch as the action could have originally been brought in this Court pursuant to 28 U.S.C. §§ 1331 and 1332.

9. This Notice of Removal is timely because it is submitted within thirty days of the date Defendants were served with the Summons and Complaint in the civil action in Pulaski Circuit Court.

10. A true and correct copy of this Notice of Removal is being served upon counsel for Plaintiff by email and regular mail.

11.     A true and correct copy of a Notice of Removal is also being filed with the Clerk of the Circuit Court of Pulaski County, Arkansas.

12.     Pulaski County, Arkansas is within the division of this Court and, therefore, this Court is the proper venue.

## JURISDICTION UNDER 28 U.S.C. § 1332

13.     This action could have originally been brought in this Court pursuant to 28 U.S.C. § 1332 in that it is a civil action wherein the matter in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship.   While Plaintiff's Complaint does not seek to recover a specific number identified as being in excess of $75,000, it specifically seeks to recover wrongful death damages for the death by fire of Jannell Dillon, deceased, as well as other damages such as conscious pain and suffering, pecuniary injuries of Jannell Dillon's siblings, and loss of life damages, all of which alleged damages clearly amount to a recovery demand of in excess of the federal diversity jurisdictional amount of $75,000.   Since complete diversity also exists in this matter, there is original jurisdiction in this Court.

WHEREFORE, Defendants, Maxus Properties, Inc. and Landings Acquisition, L.L.C., pray that the above styled cause be removed from the Circuit Court of Pulaski County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Western Division, according to the above referenced statutes as well as applicable case law.

Respectfully submitted,

Barber Law Firm PLLC
Attorneys for Defendants Maxus Properties, Inc. and
Landings Acquisition, L.L.C.
425 West Capitol Avenue, Suite 3400
Little Rock, AR 72201-3483
Telephone: (501) 372-6175 / Fax: (501) 375-2802
E-mail: gsfricke@barberlawfirm.com

BY _____
G. Spence Fricke          AR BIN 79068

## CERTIFICATE OF SERVICE

On this 8th day of December, 2017, a true and correct copy of the foregoing pleading was mailed to:

Paul James, Esq.                      J. Don Overton, Esq.
James, Carter & Priebe, LLP           The Overton Firm, LLC
Post Office Box 907                   Post Office Box 2141031
Little Rock, AR 72203-0907            Little Rock, AR 72223
pjj@jamescarterlaw.com                Don@TheOvertonFirm.com

_____
G. Spence Fricke

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Nov-03  16:05:25
60CV-17-6293
C06D02 : 20 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
DIVISION NO. ____

ANTHONY "TONY" JOSEPH DILLON,
As Special Administrator of the Estate of
Jannell Dillon, deceased,                                                    PLAINTIFF

v.                                    Case No. 60CV-2017-_____

MAXUS PROPERTIES, INC.; and
LANDINGS ACQUISITION, L.L.C.                                    DEFENDANTS

## COMPLAINT
## (WITH DISCOVERY ATTACHED)

Comes now Plaintiff, by and through his attorneys, James, Carter & Priebe, LLP and The

Overton Firm, LLC, and for his Complaint against Defendant Maxus Properties, Inc. and

Defendant Landings Acquisition, L.L.C., states:

### Nature of the Claims

1.      This action for wrongful death and personal injury arises out of the death of Jannell

Dillon, collectively caused by the Defendants' negligence in maintaining of The Landings at Rock

Creek Apartments, Apartment 130, 13200 Chenal Parkway, Little Rock, AR ("Unit 130").

Specifically, Defendants' negligence prevented Ms. Janelle Dillon from safely escaping her injury

and death.

### The Parties

2.      Plaintiff Anthony "Tony" Joseph Dillon is the brother of Jannell Dillon, and was

duly appointed by order of the Probate Court of Pulaski County, Arkansas, dated March 9, 2017

as Special Administrator of the Estate of Jannell Dillon (Case No. 60PR-16-2085).


EXHIBIT "1"

3.      Defendant Maxus Properties, Inc. is, on information and belief, a foreign corporation registered to do business in the State of Arkansas that manages, operates, leases and directs that maintenance and upkeep of real property in Arkansas.

4.      Landings Acquisition Group, L.L.C., on information and belief, is a foreign limited liability company registered to do business in Arkansas that owns and maintain real property in the state of Arkansas; and, for all times relevant to this action, was and is the owner of a certain residential apartment complex located in the City of Little Rock, Arkansas, known as The Landings at Rock Creek Apartments.

5.      The principal place of business for the entity known as Landings Acquisitions, L.L.C. is in Little Rock, Arkansas; and, the ownership and operation of The Landings at Rock Creek Apartments is the only business interest of Landings Acquisitions, L.L.C.

6.      Defendant Maxus Properties, Inc. and Defendant Landings Acquisition, L.L.C. are collectively referred to as Defendants in this Complaint.

### The Landings at Rock Creek

7.      The Landings at Rock Creek Apartments (the "Project") is a residential apartment complex consisting of 154 units situated in 9 buildings, where 80 units are on the ground level and 74 units are second-floor units.

8.      The Project, including all of the 154 rental units comprising the Project, participate in a project-based rental assistance program pursuant to the provisions of 42 U.S.C. § 1437f as regulated, under this statutory authority, by and through the Secretary of the United States Department of Housing and Urban Development ("Section 8 Project-Based Rental Assistance Program").

2

9.    As a participant in the Section 8 Project-Based Rental Assistance Program, all, or substantially all, of the rent due and owing on each of the 154 Units comprising the Project is paid by or through the United States Department of Housing and Urban Development to Defendants, at "fair market" rates which are set at (for 2017) at $673 per month, per one-bedroom unit (of which there are 100 in the Project), $814 per month, per two-bedroom unit (of which there are 54 in the Project).

10.    For all times relevant to this action the 154 units comprising the Project were, on information and belief, fully occupied.

11.    As a consequence of the Project's participation in the Section 8 Project-Based Rental Assistance Program, Defendants were obligated under 42 U.S.C. §1437f, and the regulations promulgated thereunder (the "Federal Statutory Authority") to maintain the Project, and all units comprising the Project, including Unit 130, in strict compliance with the stated requirements of the Federal Statutory Authority (collectively referred to as the "Federal Statutory Duties").

12.    As a consequence of the Project's location in the State of Arkansas, Defendants were obligated to maintain the Project, including the structure that includes Unit 130, in strict compliance with the requirements of the Arkansas Fire Prevention Code, duly enacted pursuant to authority vested in the Director of the Department of Arkansas State Police by Section 6 of Act 254 of 1955 (A.C.A. §§ 12-13-105, as amended) under the laws of the State of Arkansas (the "State Statutory Duties").

13.    As a consequence of the Project's location in the City of Little Rock, Arkansas, Defendants were obligated to maintain the Project, including the structure that includes Unit 130, in strict compliance with the requirements of the Little Rock City Municipal Housing Code, duly

3

enacted pursuant to authority granted the City of Little Rock under the laws of the State of Arkansas (the "City Statutory Duties").

14.     The Arkansas Supreme Court has long held that the laws which are in force at the time when, and the place where, a contract is made and to be performed, enter into and form part of it. *Adams v. Spillyards*, 187 Ark. 641, 61 S.W.2d 686 (1933). This embraces those laws which affect its validity, construction, discharge, and enforcement. *Id.* Parties are conclusively presumed to have contracted with reference to the existing law. *Ellison v. Tubb*, 295 Ark. 312, 749 S.W.2d 650 (1988).

15.     Based upon Arkansas Law, that the law in effect at the time a contract is made and entered into forms a part of the contract and the strict requirements of the City of Little Rock Housing Code, the minimum standards set forth in the City of Little Rock Housing Code became part of the residential lease agreement in this case; and, created implied warranties of habitability in the residential lease agreement.

16.     Because Unit 130 was the subject of a lease entered into by the Defendants with the deceased, the Defendants were obligated to maintain Jannell Dillon's apartment (Unit 130) in strict compliance with the terms, express and implied, in the lease (the "Leasehold Obligations").

**The Occurrence and Events Leading to the Occurrence**

17.     Unit 130 was one of 80 apartments located on the first floor of a 16-unit building forming a part of the Project; and, is one of four apartments that share ingress and egress through a ground-level breezeway that is open on each end.

18.     During the nighttime hours of August 18, 2016, an accidental fire ignited; however, the required fire safety device (the "Smoke Detector") failed to engage in Ms. Dillon's Unit (Unit

130); and, the smoke detector failed to engage in the adjoining unit which is where the 911 call originated.

19.     After extensive investigation and inspections, the cause of the fire could not be determined.

20.     Jannell Dillon ultimately made an effort to escape Unit 130, but was unable to do so prior to her death. Her charred remains were found in the apartment by the emergency fire crew, that extinguished the fire, curled in a fetal position facing the door with debris from the collapsed ceiling covering her body.

### Defendants' Statutory Duty to Maintain a Smoke Detector

21.     As part of their City Statutory Duties, State Statutory Duties and Federal Statutory Duties, Defendants had a duty to maintain a smoke detector in Unit 130.

22.     Defendants installed the (Unit 130) Smoke Detector over 13 years ago; and, the Smoke Detector had exceeded its manufacturer designated 10-year maximum useful life by at least 3 years.

23.     The Smoke Detector was not installed or maintained properly as is evident from the fact that it [1] was not wired on a stand-alone independent circuit, and [2] was improperly installed in a shared circuit along with numerous receptacles and outlets located in the kitchen area, in violation of the City Statutory Duties, State Statutory Duties and Federal Statutory Duties.

24.     The wiring of the Smoke Detector is in violation of the Arkansas Fire Prevention Code.

25.     The Smoke Detector was not installed or maintained properly as is evident from the fact that it did not have a battery backup in the event that power was interrupted and was a

hard-wired only device without a battery backup, in violation of the City Statutory Duties, State Statutory Duties and Federal Statutory Duties.

26.     The Smoke Detector used is a violation of the Arkansas Fire Prevention Code.

27.     The Smoke Detector also was improperly wired to a standard "switch activated" circuit breaker as opposed to being connected to an "always hot" circuit, in further violation of the City Statutory Duties, State Statutory Duties and Federal Statutory Duties.

28.     The wiring of the Smoke Detector is in violation of the Arkansas Fire Prevention Code.

29.     The Smoke Detector did not operate in Unit 130 or the adjoin unit where the 911 call originated.

**COUNT I**
**WRONGFUL DEATH CLAIM – NEGLIGENCE**

30.     Plaintiff Anthony Dillon in his capacity as Special Administrator of the Estate of Jannell Dillon, deceased, repeats, realleges, and incorporates by reference the allegations of fact set forth in paragraphs 1 through 29, as though set forth in full in this paragraph.

31.     By failing to provide a properly installed, maintained and functioning Smoke Detector, in Unit 130, Defendants breached:

    a)      their Federal Statutory and Leasehold Duties to maintain a properly installed, maintained and functioning smoke detector in Unit 130; and

    b)      their State Statutory Duty to maintain a properly installed, maintained and functioning smoke detector in Unit 130; and

    c)      their City Statutory Duty to maintain a properly installed, maintained and functioning smoke detector in Unit 130

all of which duties were specifically provided to provide safety and security to the occupants of Unit 130; and, to protect them from the resulting injury caused from the accidental fire.

32.     As a direct and proximate cause of each of the beaches of duty alleged in the foregoing paragraph, Jannell Dillon received fatal injuries and, as a consequence, her estate has sustained the following damages:

   a)     Jannell Dillon's conscious pain and suffering;

   b)     Jannell Dillon's disfigurement;

   c)     mental anguish suffered by Jannell Dillon's siblings;

   d)     funeral expenses;

   e)     pecuniary injuries suffered by Jannell Dillon's siblings;

   f)     loss of society by Jannell Dillon's siblings;

   g)     loss of life damages;

the monetary amount of all such damages, including special damages, exceed the jurisdiction minimum for maintaining a personal injury action in this Court.

33.     The foregoing injuries and damages were a foreseeable consequence of Defendants' breach of each of its afore described duties to provide fire safety and security to the occupants of Unit 130; and, to protect them from a possible injury caused by fire.

34.     Plaintiff Anthony Dillon claims punitive damages against Defendants in an amount sufficient to deter Defendants from similar conduct in the future.

35.     Plaintiff Anthony Dillon demands a trial by jury.

36.     Plaintiff Anthony Dillon reserves the right to amend this Complaint.

<u>COUNT II</u>
<u>DILLON'S WRONGFUL DEATH CLAIM – PRODUCTS LIABILITY</u>

37.     Plaintiff Anthony Dillon, in his capacity as Special Administrator of the Estate of Jannell Dillon, deceased, repeats, realleges, and incorporates by reference the allegations of fact set forth in paragraphs 1 through 36, as though set forth in full in this paragraph.

38.     By failing to provide a properly functioning Smoke Detector in Unit 130, the Defendants, as the supplier/lessor of Unit 130, a product, supplied a product which was in a defective condition which rendered Unit 130 unreasonably dangerous, all in violation of ACA §16-116-102

39.     As a direct and proximate cause of Defendants supplying a product in such defective condition, which rendered the product unreasonably dangerous, Jannell Dillon received fatal injuries and, as a consequence, her estate has sustained the following damages:

    a)     Jannell Dillon's conscious pain and suffering;

    b)     Jannell Dillon's disfigurement;

    c)     mental anguish suffered by Jannell Dillon and her siblings;

    d)     funeral expenses;

    e)     pecuniary injuries suffered by Jannell Dillon's siblings;

    f)     loss of society by Jannell Dillon's siblings;

    g)     loss of life damages;

the monetary amount of all such damages, including special damages, exceed the jurisdiction minimum for maintaining a personal injury action in this Court.

40.     The afore described injuries and damages were a foreseeable consequence of Defendants supplying Unit 130 in a defective condition, which defects rendered it unreasonably dangerous.

8

41.     Plaintiff Anthony "Tony" Joseph Dillon claims punitive damages against Defendants in an amount sufficient to deter Defendants from similar conduct in the future.

42.     Plaintiff Anthony "Tony" Joseph Dillon demands a trial by jury.

43.     Plaintiff Anthony "Tony" Joseph Dillon reserves the right to amend this Complaint.

### COUNT III
### DILLON'S WRONGFUL DEATH CLAIM – BREACH OF LEASE AGREEMENT IMPLIED WARRANTY OF HABITABILITY

44.     Plaintiff Anthony "Tony" Dillon, in his capacity as Special Administrator of the Estate of Jannell Dillon, deceased, repeats, realleges, and incorporates by reference the allegations of fact set forth in paragraphs 1 through 43, as though set forth in full in this paragraph.

45.     By failing to provide a properly installed, maintained and functioning Smoke Detector in Unit 130, Defendants breached:

a)      their Federal Statutory and Leasehold Duties to maintain a properly installed, maintained and functioning smoke detector in Unit 130; and

b)      their State Statutory Duty to maintain a properly installed, maintained and functioning smoke detector in Unit 130; and

c)      their City Statutory Duty to maintain a properly installed, maintained and functioning smoke detector in Unit 130

all of which duties were specifically provided to provide safety and security to the occupants of Unit 130; and, to protect them from the resulting injury caused from the accidental fire.

46.     The failure of Defendants to properly install and install the smoke detector in Unit 130, constitutes a breach of the lease agreement's implied warranty of habitability. A copy of Jannell Dillon's lease agreement is unavailable; and, Plaintiff believes that the original copy was

9

destroyed in the August 18, 2016 fire; therefore, it is unavailable to be annexed to this Complaint as an exhibit.

47.    As a direct and proximate cause of the breach of the implied warranty of habitability that arise with the lease agreement, Jannell Dillon received fatal injuries.

48.    As a direct and proximate cause of each of the breaches of the implied warranty of habitability alleged in the foregoing paragraphs, Jannell Dillon received fatal injuries and, as a consequence, her estate has sustained the following damages:

      h)    Jannell Dillon's conscious pain and suffering;

      i)    Jannell Dillon's disfigurement;

      j)    mental anguish suffered by Jannell Dillon's siblings;

      k)    funeral expenses;

      l)    pecuniary injuries suffered by Jannell Dillon's siblings;

      m)    loss of society by Jannell Dillon's siblings;

      n)    loss of life damages;

the monetary amount of all such damages, including special damages, exceed the jurisdiction minimum for maintaining a personal injury action in this Court.

49.    The foregoing injuries and damages were a foreseeable consequence of Defendants' breach of each of its afore described implied warranty of habitability to provide fire safety and security to the occupants of Unit 130 and to protect them from a possible injury caused by fire.

50.    Defendants have been provided written notice of their breach.

51.    Plaintiff Anthony Dillon claims punitive damages against Defendants in an amount sufficient to deter Defendants from similar conduct in the future.

52.     Plaintiff is entitled to statutory attorneys' fees as a result of the breach of lease.

53.     Plaintiff Anthony Dillon demands a trial by jury.

54.     Plaintiff Anthony Dillon reserves the right to amend this Complaint.

WHEREFORE, Plaintiff Anthony "Tony" Joseph Dillon prays for judgment against Defendants in an amount to be determined at trial; together with punitive damages against Defendants in an appropriate amount; together with his costs herein and such further relief as to the Court seems just and proper.

ATTORNEYS FOR PLAINTIFF,

Paul J. James, Arkansas Bar #83091
JAMES, CARTER & PRIEBE, LLP
500 Broadway, Suite 400
PO Box 907
Little Rock, Arkansas 72203-0907
Tel 501.372.1414; Fax 501.372.1659
pjj@jamescarterlaw.com

and

J. Don Overton, Esq. AR Bar #07029
THE OVERTON FIRM, LLC
PO Box 241031
Little Rock, AR 72223
Tel: (501) 563-0186
Fax: (501) 396-6987
Don@TheOvertonFirm.com

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
DIVISION NO. _____

ANTHONY "TONY" JOSEPH DILLON,
As Special Administrator of the Estate of
Jannell Dillon, deceased,                                                           PLAINTIFF

v.                                        Case No. 60CV-2017-_____

MAXUS PROPERTIES, INC. and
LANDINGS ACQUISITION, L.L.C.;                                        DEFENDANTS

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION PROPOUNDED UPON DEFENDANTS

Pursuant to the Arkansas Rules of Civil Procedure, Plaintiff herein serves the following Interrogatories and Requests for Production to be answered separately and fully in writing, under oath, including opinions where fairly called for, in relation to fact or application of law to fact by each Defendant.

Documents shall be produced in accordance with the Arkansas Rules of Civil Procedure. Except as otherwise expressly indicated, the following definitions shall apply throughout these interrogatories and requests:

I.      "Document" means any material subject to discovery under the Arkansas Rules of Civil Procedure, including, but not limited to, the original and non-identical copies of correspondence, memoranda, agreements, notes, handwritten notes and scratch pads or sheets, accounting entries, purchasing order, invoices, statement of account, records, computer printouts, calculations, tape recordings, and all of the writings, recordation of communications, recordings, or data compilations, in whatever form, including drafts thereof, machine readable information, and any material underlying supporting or used in the preparation of any document, now or formerly within the actual or constructive possession, custody, or control of Defendant, or of which

the Defendant is aware.

II.     "Identify" when used in reference to a natural person shall mean to state: (1) his or her full name and present or last known residence address; (2) residence telephone number; (3) present or last known business affiliation, position, and address; (4) business telephone number; and (5) a complete description of his or her business affiliation(s) and position(s) during times relevant to the information sought by the interrogatory or requests. To the extent that any of the above information is not available, state all other available means of identifying such natural person.

III.    "Identify" when used in reference to a person other than an individual, shall mean to state: (1) its full name; (2) nature or type of organization or association; (3) state under which same was organized; (4) address of principal place of business, and (5) principal line of business. To the extent that any of the above information is not available, state any other available means of identifying such person other than that individual.

IV.    "Identify" when used in reference to a document shall mean to state its: (1) date; (2) author; (3) type of document (e.g., letter, memoranda, receipt, invoice, schedule, report, telegram, chart, photograph, sound reproduction, or the like); and (4) its present location and the name and address of each present custodian. If any such document was, but is no longer in Plaintiff's possession, or subject to its control, or is no longer in existence, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transmitted or transferred to others; or (d) has been otherwise disposed of, and in each instance, explain the circumstances surrounding any authorization for such disposition and state the date or approximate date thereof. To the extent that any of the above information is not available, state any other available means of identifying such document.

V.        "Person" or "Persons" as used herein shall be deemed to include natural persons, firms, partnerships, association, joint ventures and corporations.

VI.        "And", as well as "or", should be construed disjunctively or conjunctively as necessary in order to bring within the scope of any interrogatory or request all responses which might otherwise be construed to be outside its scope.

VII.        "You" or "Defendant" or "Defendants" means the Defendants in this case or any subsidiary and or affiliate thereof, and/or any one of them individually, and their employees or agents.

VIII.        "The Landings" as used herein is The Landings at Rock Creek apartment complex located at 13200 Chenal Parkway, Little Rock, Arkansas 72211.

**INTERROGATORY NO. 1:**   Please identify the persons answering each of these interrogatories.

**INTERROGATORY NO. 2:**   Please set forth the dates upon which you answered these interrogatories.

**INTERROGATORY NO. 3:**   Please identify each person, other than counsel, who was consulted, or provided or was asked to provide, information in connection with these interrogatories and describe the information that was sought from or provided by each such person and identify which particular interrogatory or interrogatories for which each such person provided information.

**INTERROGATORY NO. 4:**        Please identify all of the employees of the Defendants that were employed as of August 16, 2016; and, please identify if they are still employed at The Landings; and, if they are not currently employed please provide their separation date and reason for separation from employment at The Landings.

**INTERROGATORY NO. 5:**    Please identify all of the resident tenants of the adjoining apartments that shared the same building as Unit 130, as of August 16, 2016; and, please identify if they are still tenants at The Landings; and, if they are not currently tenants please provide the date and reason for their separation from their lease agreement with The Landings.

**INTERROGATORY NO. 6:** During the period commencing five years prior to the filing of this action, have Defendants ever had a direct or indirect ownership interest in any of the real property or improvements thereon known as The Landings? If so, state (a) the date on which such interest was acquired by Defendants, (b) the nature of the interest acquired (i.e. fee simple, stock in company which owns the real property, etc.), (c) whether either Defendant have conveyed such interest to another party and, if so, to whom on and on what date or dates.

**INTERROGATORY NO. 7:** Do you contend that the Plaintiff negligently caused or was contributorily negligent in causing the damages claimed herein? If so, state particularly your contentions in that regard.

**INTERROGATORY NO. 8:**  Identify the persons whom Defendants have knowledge about (a) the maintenance provided at The Landings at the time of the occurrence, (b) the maintenance of Unit 130 of The Landings and the building in which it was situated, and (c) Defendants' compliance with (i) regulations promulgated by or agreements with the United States Department of Housing and Urban Development or the Little Rock Housing Authority, (ii) the laws of the State of Arkansas, and (iii) the ordinances of the City of Little Rock, Arkansas.

**REQUEST FOR PRODUCTION NO. 1:** Please produce all documents which constitute or refer to any agreement relating to the providing of maintenance for The Landings for the period of 2010 through 2017 from any independent contractor or outside vendor who was not an employee or either Defendant.

**REQUEST FOR PRODUCTION NO. 2:**       Please   produce   copies   of   all maintenance logs for The Landings for the period of 2010 through 2017, including all annual inspections and any and all logs or invoices or statements where any replacement equipment or safety devices were replaced or installed at The Landings.

**REQUEST FOR PRODUCTION NO. 3:**   Please produce any documents which constitute or refer to any agreement between either Defendant and the Little Rock Housing Authority or the United States Department of Housing and Urban Development concerning the maintenance and operation of The Landings for the period of 2010 through 2017.

**INTERROGATORY NO. 9:** Have you, your agents or employees or attorneys or anyone on your behalf ever obtained a statement from any of the occupants of The Landings concerning the occurrences? If so, state exactly who made the statements, what Unit they reside in at The Landings and what was said in such statement or statements.

**INTERROGATORY NO. 10:**  Please state to whom you have made any written or recorded statements concerning the fire other than to your attorney or to the investigating officer.

**REQUEST FOR PRODUCTION NO. 4:**  Please   produce   copies   of   the   recorded statements identified in the preceding Interrogatory.

**INTERROGATORY NO. 11:** Please state whether you or anyone acting for you has secured or obtained or has any knowledge of any statement, written or recorded, by any person who claims to have any knowledge concerning the fire referred to in Plaintiffs' complaint. If your answer is yes, identify each person and the custodian of the statement.

**INTERROGATORY NO. 12:**  Do you, your attorneys, agents or representatives have any information concerning the existence of possible witnesses to the fire other than as contained on the police report? If so, identify each witness and please state with specificity what knowledge that

they have.

**INTERROGATORY NO. 13:** Please identify all witnesses you intend to call at the trial of this matter.

**INTERROGATORY NO. 14:** Please describe all exhibits you intend to introduce at trial of this matter.

**INTERROGATORY NO. 15:** State what photographs have been taken or are in the possession of you, or anyone acting on your behalf, of the fire scene.

**REQUEST FOR PRODUCTION NO. 5:** Please produce copies of photographs identified in the preceding Interrogatory.

**INTERROGATORY NO. 16:** If you or any of your representatives have employed an expert, other than an attorney, to act on your behalf with respect to any matter resulting from the fire in question, identify each such expert and field of specialization specifying whether he or she:

   a) Is expected to testify at trial on your behalf;

   b) Has been specially retained or employed in anticipation of litigation but is not expected to so testify; and

   c) Is a salaried employee in your regular employ or that of any of your representatives.

**INTERROGATORY NO. 17:** With respect to each expert who is in such regular employ or is expected to testify at trial on your behalf, state:

   a) The expert's name;

   b) The subject matter on which the expert is expected to testify;

   c) The substance of the facts and opinions to which the expert is expected to testify; and

   d) A summary of the grounds for each opinion held by the expert.

**INTERROGATORY NO. 18:** Do you claim that the Plaintiff acted or omitted to act in a

manner which contributed to the fire or damages in question? If so, state:

    a)  What the Plaintiff did that you claim she should not have done; and

    b)  What the Plaintiff did to which you claim she should have done.

**INTERROGATORY NO. 19:** Do you have any form of liability insurance providing potential indemnification against any judgment the Plaintiff might obtain? If so, state the name of each and every liability carrier providing insurance and the coverage limits.

**REQUEST FOR PRODUCTION NO. 6:**  Please produce all documents referred to or relied upon in answering the above interrogatories.

**REQUEST FOR PRODUCTION NO. 7:**  Please produce all documents which constitute or refer to the lease of Unit 130 of The Landings that was in force as of the time of the occurrence out of which this action arises, including, without any limitation, any addenda thereto or correspondence or memoranda referring thereto.

**REQUEST FOR PRODUCTION NO. 8:**  Please produce any documents which refer or relate to any inspection of the condition of The Landings for the period of 2010 through 2017.

**REQUEST FOR PRODUCTION NO. 9:**  Please produce any documents which refers or relates to the occurrence out of which this action arises.

**REQUEST FOR PRODUCTION NO. 10:**  Please produce any documents which refer or relate to the providing, by Defendants, of locks on any exterior doors to the buildings comprising The Landings.

**REQUEST FOR PRODUCTION NO. 11:**  Please produce any documents which refer or relate to the providing, by Defendants, of smoke alarms in any of the buildings comprising The Landings.

**REQUEST FOR PRODUCTION NO. 12:**  Please produce any documents which refer

or relate to emergency mean of egress from any of the buildings comprising The Landings.

**REQUEST FOR PRODUCTION NO. 13:**  Please produce any documents which refer or relate to fires occurring at or on any building comprising The Landings during the period of 2010 through 2017.

**REQUEST FOR PRODUCTION NO. 14:**  Please produce any photographs of the condition of Unit 130, or any part thereof, or any portion of the building in which it is situated, at any time during the period of 2010 through 2017.

**REQUEST FOR PRODUCTION NO. 15:**  Please attach a copy of Jannell Dillon's Lease Agreement.

**REQUEST FOR PRODUCTION NO. 16:**  Please attach a copy of the invoices for any smoke detectors purchased for The Landings, at any time during the period of 2010 through 2017.

**REQUEST FOR PRODUCTION NO. 17:**  Please attach a copy of any invoices paid for any smoke detectors installed at The Landings, at any time during the period of 2010 through 2017.

**REQUEST FOR PRODUCTION NO. 18:**  Please attach all maintenance contracts for The Landings between 2010 and 2017.

**INTERROGATORY NO. 20:** Will you supplement your answers to these interrogatories upon receipt of any information which would alter, amend or supplement your previous answers?

ATTORNEYS FOR PLAINTIFF,

Paul J. James, Arkansas Bar #83091
JAMES, CARTER & PRIEBE, LLP
500 Broadway, Suite 400
PO Box 907
Little Rock, Arkansas 72203-0907
Tel 501.372.1414; Fax 501.372.1659
pjj@jamescarterlaw.com

and

J. Don Overton, Esq. AR Bar #07029
THE OVERTON FIRM, LLC
PO Box 241031
Little Rock, AR 72223
Tel: (501) 563-0186
Fax: (501) 396-6987
Don@TheOvertonFirm.com

THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

ANTHONY "TONY" JOSEPH DILLON,
As Special Administrator of the Estate of
Jannell Dillon, deceased,                                                    PLAINTIFF

v.                                          Case No. 60CV-2017-_____

MAXUS PROPERTIES, INC.; and
LANDINGS ACQUISITION, L.L.C.                                    DEFENDANTS

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

> **Maxus Properties, Inc.**
> **c/o The Corporation Company**
> **124 West Capitol Avenue, Suite 1900**
> **Little Rock, Arkansas 72201**

A lawsuit has been filed against you.   The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Paul J. James, James, Carter & Priebe, LLP
> 500 Broadway Suite 400, Little Rock, AR   72201

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices:    PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** must be answered within **forty-five (45) days** of service.   Responses should be served on counsel for Plaintiff.

LARRY CRANE, CIRCUIT CLERK

Address of Clerk's Office:

100 Courthouse
401 West Markham Street                 _____
Little Rock, AR   72201-2659            Deputy Clerk of Court

                                        Date:_____

[SEAL]

NO. 60CV-17-_____        This summons is for Maxus Properties, Inc.

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at
_____ _____[place] on
_____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

NO. 60CV-17-_____          This summons is for Maxus Properties, Inc.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY,
ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____



Arkansas Judiciary

**Case Title:**   ANTHONY "TONY" JOSEPH DILLON V MAXUS
PROPERTIES IN

**Case Number:**   60CV-17-6293

**Type:**   SUMMONS - FILER PREPARED


So Ordered



Electronically signed by LLGUTIERREZ on 2017-11-06 09:22:34     page 4 of 4

THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

ANTHONY "TONY" JOSEPH DILLON,
As Special Administrator of the Estate of
Jannell Dillon, deceased,                                                    PLAINTIFF

v.                                        Case No. 60CV-2017-_____

MAXUS PROPERTIES, INC.; and
LANDINGS ACQUISITION, L.L.C.                                    DEFENDANTS

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

> **Landings Acquisition, LLC**
> **c/o The Corporation Company**
> **124 West Capitol Avenue, Suite 1900**
> **Little Rock, Arkansas 72201**

A lawsuit has been filed against you.    The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Paul J. James, James, Carter & Priebe, LLP
> 500 Broadway Suite 400, Little Rock, AR   72201

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices:    PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** must be answered within **forty-five (45) days** of service.   Responses should be served on counsel for Plaintiff.

LARRY CRANE, CIRCUIT CLERK

Address of Clerk's Office:

100 Courthouse
401 West Markham Street                     _____
Little Rock, AR   72201-2659                 Deputy Clerk of Court

                                            Date:_____

[SEAL]

NO. 60CV-17-_____         This summons is for Landings Acquisition, LLC

## PROOF OF SERVICE

□ I personally delivered the summons and complaint to the individual at
_____ _____[place] on
_____ [date]; or

□ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

□ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

□ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

□ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

□ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

□ Other [specify]: _____

□ I was unable to execute service because: _____

_____

My fee is $ _____.

NO. 60CV-17-_____        This summons is for Landings Acquisition, LLC

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____               SHERIFF OF _____ COUNTY,
ARKANSAS

                                    By: _____
                                    [Signature of server]


                                    _____
                                    [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____             By: _____
                                 [Signature of server]


                                 _____
                                 [Printed name]

Address: _____


          _____


Phone: _____

Subscribed and sworn to before me this date: _____


                                 _____
                                 Notary Public

My commission expires: _____

Additional information regarding service or attempted service:


_____

_____



Arkansas Judiciary

**Case Title:**      ANTHONY "TONY" JOSEPH DILLON V MAXUS
                     PROPERTIES IN

**Case Number:**   60CV-17-6293

**Type:**            SUMMONS - FILER PREPARED

So Ordered



Electronically signed by LLGUTIERREZ on 2017-11-06 09:22:04     page 4 of 4

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Nov-14 10:49:51
60CV-17-6293
C06D02 : 2 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
2ND DIVISION

ANTHONY "TONY" JOSEPH DILLON,
As Special Administrator of the Estate of
Jannell Dillon, deceased,                                                      PLAINTIFF


v.                                          Case No. 60CV-17-6293


MAXUS PROPERTIES, INC.; and
LANDINGS ACQUISITION, L.L.C.                                    DEFENDANTS


## <u>AFFIDAVIT OF SERVICE</u>

THE STATE OF ARKANSAS, PULASKI COUNTY, SS:

The undersigned attorney, having been duly sworn, states upon oath and affirmation as follows:

1.      That I am the attorney for the Plaintiff in the above captioned case.

2.      That on November 9, 2017, I caused a copy of the Summons, Complaint and First Set of Interrogatories and Requests for Production to be served on Maxus Properties, Inc., by placing a copy thereof in the United States Mail, addressed to The Corporation Company, Agent for Maxus Properties, Inc., 124 West Capitol Avenue, with certified delivery and return receipt to the Addressee and sufficient postage affixed to insure delivery.

3.      That said Summons and Complaint were claimed as evidenced by the Domestic Return Receipt No. 7009 1410 0000 1585 6074, which is attached hereto as Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this 13th day of November 2017.

Respectfully Submitted,

Paul J. James, Arkansas Bar #83091
JAMES, CARTER & PRIEBE, LLP
500 Broadway, Suite 400
PO Box 907
Little Rock, Arkansas 72203-0907
Tel 501.372.1414; Fax 501.372.1659
pjj@jamescarterlaw.com

and

J. Don Overton, Esq. AR Bar #07029
THE OVERTON FIRM, LLC
PO Box 241031
Little Rock, AR 72223
Tel: (501) 563-0186
Fax: (501) 396-6987
Don@TheOvertonFirm.com

On this November 14, 2017, before me, Paul J. James, the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that he executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

NOTARY PUBLIC



HANNAH MAXWELL
MY COMMISSION # 12398373
EXPIRES: April 17, 2024
Pulaski County

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Nov-14  10:49:51
60CV-17-6293
C06D02 : 2 Pages

# EXHIBIT "A"



US POSTAGE **$07.92**
Mailed From 72201
11/06/2017
062A 0061645240

7009 1410 0000 1585 6074

JAMES CARTER & PRIEBE, LLP
ATTORNEYS AT LAW
ARVEST BANK BUILDING
500 BROADWAY, SUITE 400
LITTLE ROCK, AR 72201

MAXUS PROPERTIES, INC.
c/o THE CORPORATION COMPANY
124 WEST CAPITOL AVENUE, SUITE 1900
LITTLE ROCK, ARKANSAS 72201

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Maxus Properties, Inc.
c/o The Corporation Company
124 West Capitol Avenue, Suite 1900
Little Rock, Arkansas 72201

9590 9402 2301 6225 5466 35

2. Article Number (Transfer from service label)

7009 1410 0000 1585 6074

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
CT CORPORATION
☐ Agent
☐ Addressee

B. Received by (Printed Name)
NOV - 9 2017

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Nov-14 10:52:11
60CV-17-6293
C06D02 : 2 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
2ND DIVISION

ANTHONY "TONY" JOSEPH DILLON,
As Special Administrator of the Estate of
Jannell Dillon, deceased,                                          PLAINTIFF

v.                             Case No. 60CV-17-6293

MAXUS PROPERTIES, INC.; and
LANDINGS ACQUISITION, L.L.C.                           DEFENDANTS

### AFFIDAVIT OF SERVICE

THE STATE OF ARKANSAS, PULASKI COUNTY, SS:

The undersigned attorney, having been duly sworn, states upon oath and affirmation as follows:

1.      That I am the attorney for the Plaintiff in the above captioned case.

2.      That on November 9, 2017, I caused a copy of the Summons, Complaint and First Set of Interrogatories and Requests for Production to be served on Landings Acquisition, LLC, by placing a copy thereof in the United States Mail, addressed to The Corporation Company, Agent for Landings Acquisition, LLC, 124 West Capitol Avenue, with certified delivery and return receipt to the Addressee and sufficient postage affixed to insure delivery.

3.      That said Summons and Complaint were claimed as evidenced by the Domestic Return Receipt No. 7009 1410 0000 1585 6081, which is attached hereto as Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this 13th day of November 2017.

Respectfully Submitted,

Paul J. James, Arkansas Bar #83091
JAMES, CARTER & PRIEBE, LLP
500 Broadway, Suite 400
PO Box 907
Little Rock, Arkansas 72203-0907
Tel 501.372.1414; Fax 501.372.1659
pjj@jamescarterlaw.com

and

J. Don Overton, Esq. AR Bar #07029
THE OVERTON FIRM, LLC
PO Box 241031
Little Rock, AR 72223
Tel: (501) 563-0186
Fax: (501) 396-6987
Don@TheOvertonFirm.com

On this November 14, 2017, before me, Paul J. James, the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that he executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

NOTARY PUBLIC

HANNAH MAXWELL
MY COMMISSION # 12398373
EXPIRES: April 17, 2024
Pulaski County

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Nov-14  10:52:11
60CV-17-6293
C06D02 : 2 Pages

# EXHIBIT "A"



US POSTAGE
$07.92⁰

7009 1410 0000 1585 6081

JAMES CARTER & PRIEBE, LLP
ATTORNEYS AT LAW
ARVEST BANK BUILDING
500 BROADWAY, SUITE 400
LITTLE ROCK, AR 72201

Landings Acquisition, LLC
c/o The Corporation Company
124 West Capitol Avenue, Suite 1900
Little Rock, Arkansas 72201

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Landings Acquisition, LLC
c/o The Corporation Company
124 West Capitol, Suite 1900
Little Rock, Arkansas 72201

9590 9402 2301 6225 5466 28

2. Article Number (Transfer from service label)

7009 1410 0000 1585 6081

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X CT CORPORATION    ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

NOV — 2017

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Dec-04 13:51:50
60CV-17-6293
C06D02 : 9 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
SECOND DIVISION

ANTHONY "TONY" JOSEPH DILLON,
As Special Administrator of the Estate of
Jannell Dillon, deceased                                              PLAINTIFF

VS.                              CASE NO. 60 CV-17-6293

MAXUS PROPERTIES, INC.; and
LANDINGS ACQUISITION, L.L.C.                                 DEFENDANTS

### ANSWER OF DEFENDANTS MAXUS PROPERTIES, INC. AND LANDINGS ACQUISITION, L.L.C.

Come the Defendants, Maxus Properties, Inc. and Landings Acquisition, L.L.C., by their

attorneys, Barber Law Firm PLLC, and for their Answer to Plaintiff's Complaint, state as follows:

### Nature of the Claims

1.      These Defendants admit that Plaintiff seeks recovery for wrongful death.  These

Defendants otherwise deny the remaining allegations of paragraph 1 of the Complaint.

### The Parties

2.      The Probate Order appointing Plaintiff Special Administrator of the Estate of

Jannell Dillon was not attached to the Complaint.  Accordingly, these Defendants do not have

information sufficient to either admit or deny the allegations of paragraph 2 of the Complaint.

Those allegations are, therefore, denied.

3.      These Defendants admit the allegations of paragraph 3 of the Complaint.

4.      These Defendants admit the allegations of paragraph 4 of the Complaint.

5.      These Defendants deny the allegations of paragraph 5 of the Complaint.

1

6.      The allegations of paragraph 6 of the Complaint do not require a response from Defendants.  To the extent a response is required, the allegations are denied.

### The Landings at Rock Creek

7.      These Defendants deny the allegations of paragraph 7 of the Complaint. The project has 10 buildings.

8.      These Defendants deny the allegations of paragraph 8 of the Complaint.

9.      These Defendants deny the allegations of paragraph 9 of the Complaint.

10.     These Defendants do not have information sufficient to admit or deny the allegations of paragraph 10 of the Complaint, particularly as to the phrase "for all times relevant to this action."  Accordingly, those allegations are denied.

11.     The provisions of 42 U.S.C. § 1437f and the regulations promulgated there under speak for themselves.  To the extent the allegations of paragraph 11 of the Complaint are inconsistent with those provisions or regulations, they are denied.

12.     The provisions of the Arkansas Fire Prevention Code speak for themselves.  To the extent the allegations of paragraph 12 of the Complaint are inconsistent with those provisions, they are denied.

13.     The provisions of the Little Rock City Municipal Housing Code speak for themselves.  To the extent the allegations of paragraph 13 of the Complaint are inconsistent with those provisions, they are denied.

14.     The allegations of paragraph 14 of the Complaint are statements of law which do not require a response.  To the extent of responses required, these Defendants state that the cases cited in paragraph 14 of Plaintiff's Complaint speak for themselves.  To the extent the allegations of paragraph 14 are inconsistent with those cases, they are denied.

2

15.     The allegations of paragraph 15 of the Complaint are statements of law which require no response. To the extent a response required, the allegations are denied.

16.     These Defendants admit that there was a lease agreement entered into between these Defendants and Jannell Dillon, deceased, as to Unit No. 130. These Defendants state that the provisions of the lease agreement speak for themselves and, to the extent the allegations of paragraph 16 of the Complaint are inconsistent with those provisions, they are denied.

### The Occurrence and Events Leading to the Occurrence

17.     These Defendants deny the allegations of paragraph 17 of the Complaint.

18.     These Defendants admit that a fire occurred in Jannell Dillon, deceased's apartment on August 18, 2016. These Defendants otherwise deny the allegations of paragraph 18 of the Complaint.

19.     These Defendants deny the allegations of paragraph 19 of the Complaint.

20.     These Defendants admit that Jannell Dillon deceased died in the fire that occurred in her apartment on August 18, 2016. These Defendants do not otherwise have information sufficient to admit or deny the remaining allegations of paragraph 20 of the Complaint. Those allegations are, therefore, denied.

### Defendants' Statutory Duty to Maintain a Smoke Detector

21.     Paragraph 21 speaks in terms of duty, which is a question of law, and as to which no response is required. To the extent a response is required, the allegations of paragraph 21 of the Complaint are denied.

22.     These Defendants deny the allegations of paragraph 22 of the Complaint.

23.     These Defendants deny the allegations of paragraph 23 of the Complaint.

24.     These Defendants deny the allegations of paragraph 24 of the Complaint.

3

25. These Defendants deny the allegations of paragraph 25 of the Complaint.

26. These Defendants deny the allegations of paragraph 26 of the Complaint.

27. These Defendants deny the allegations of paragraph 27 of the Complaint.

28. These Defendants deny the allegations of paragraph 28 of the Complaint.

29. These Defendants deny the allegations of paragraph 29 of the Complaint.

## COUNT I
## WRONGFUL DEATH CLAIM – NEGLIGENCE

30. These Defendants reassert all previous allegations contained in their Answer.

31. These Defendants deny the allegations of paragraph 31 of the Complaint, including subparagraphs a) through c) thereto.

32. These Defendants deny the allegations of paragraph 32 of the Complaint, including subparagraphs a) through g) thereto.

33. These Defendants deny the allegations of paragraph 33 of the Complaint.

34. These Defendants deny Plaintiff is entitled to punitive damages as alleged in paragraph 34 of the Complaint.

35. These Defendants also request a trial by jury.

36. The allegations of paragraph 36 of the Complaint do not require a response from these Defendants.

## COUNT II
## DILLON'S WRONGFUL DEATH CLAIM – PRODUCTS LIABILITY

37. These Defendants reassert all previous allegations contained in their Answer.

38. These Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint, including subparagraphs a) through g) thereto.

4

40.     These Defendants deny the allegations of paragraph 40 of the Complaint.

41.     These Defendants deny Plaintiff is entitled to punitive damages and therefore deny the allegations of paragraph 41 of the Complaint.

42.     These Defendants request a trial by jury.

43.     Paragraph 43 of the Complaint does not require a response from these Defendants.

## COUNT III
## DILLON'S WRONGFUL DEATH CLAIM – BREACH OF LEASE AGREEMENT IMPLIED WARRANTY OF HABITABILITY

44.     These Defendants reincorporate all previous allegations contained in their Answer.

45.     These Defendants deny the allegations of paragraph 45 of the Complaint, including subparagraphs a) through c) thereto.

46.     These Defendants deny the allegations of paragraph 46 of the Complaint.

47.     These Defendants deny the allegations of paragraph 47 of the Complaint.

48.     These Defendants deny the allegations of paragraph 48 of the Complaint, including subparagraphs h) through n) thereto.

49.     These Defendants deny the allegations of paragraph 49 of the Complaint.

50.     These Defendants deny the allegations of paragraph 50 of the Complaint and specifically deny that Plaintiff has complied with the notice requirements for breach of warranty under applicable statutory and case law in the State of Arkansas.

51.     These Defendants deny Plaintiff is entitled to punitive damages and therefore deniey the allegations of paragraph 51 of the Complaint.

52.     These Defendants deny the allegations of paragraph 52 of the Complaint.

53.    These Defendants request a trial by jury.

54.    The allegations of paragraph 54 do not require a response from these Defendants.

55.    These Defendants deny each and every material allegation of Plaintiff's Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

56.    Pleading further, and affirmatively, and continuing to deny any liability to Plaintiff under the allegations of Plaintiff's Complaint, these Defendants hereby assert the comparative fault of Jannell Dillon, deceased, as a complete bar to any recovery herein by Plaintiff, or in partial diminution thereof.

57.    These Defendants hereby assert all rights they are due under the Arkansas Civil Justice Reform Act.

58.    These Defendants hereby assert the defense of intervening proximate cause as a complete bar to any recovery herein by Plaintiff.

59.    Continuing to deny any liability, these Defendants assert that any injuries or damages occurring to Plaintiff or Plaintiff's estate were caused by third parties other than these Defendants and for whom these Defendants had no responsibility and which actions serve as a complete or partial bar to any recovery herein by Plaintiff against these Defendants.

60.    While continuing to deny any liability to Plaintiff under the allegations of Plaintiff's Complaint, these Defendants hereby assert all rights they are due under the Arkansas Products Liability Act.

61.    These Defendants hereby assert the equitable defense of unclean hands.

62.    These Defendants state that for each of the following reasons, Plaintiff's punitive damage claim is subject to dismissal.

6

(a)     Arkansas law has not established a definitive standard for setting the amount of punitive damages and, therefore, an award of punitive damages without requiring Plaintiff to prove every element beyond a reasonable doubt or, in the alternative, by clear and convincing evidence, violates these Defendants' due process rights under the United States Constitution, Amendment XIV.

(b)     Because it is not subject to a predetermined limit, such as a maximum multiple compensatory damages or maximum amount, an award of punitive damages violates these Defendants' due process rights under the United States Constitution, Amendment XIV, and corresponding applicable due process provisions of the Arkansas Constitution.

(c)     An award of punitive damages violates these Defendants' due process and equal protection rights guaranteed by the United States Constitution, Amendment XIV, and the double jeopardy clause of the United States Constitution, Amendment V, as incorporated into Amendment XIV, in that a jury (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, in the whole or in part, on the basis or invidiously discriminatory characteristics, including the corporate status of these Defendants; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not subject to judicial review on the basis of objective standards; and (6) is not required to consider the character and degree of the alleged wrong.

(d)    An award of punitive damages under Arkansas law for the purposes of compensating Plaintiff for elements of damage not otherwise recognized by Arkansas law violates these Defendants' due process rights guaranteed by the United States Constitution, Amendment XIV and by the corresponding applicable provisions of the Arkansas Constitution.

(e)    An award of punitive damages under state law without the same protections that are accorded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy and self- incrimination and the rights to confront adverse witnesses, a speedy trial and the effective assistance of counsel violates these Defendants' rights under the United States Constitution, Amendment XIV and Amendments IV, V and VI, as incorporated into Amendment XIV, and under the corresponding applicable provisions of the Arkansas Constitution.

(f)    To the extent that punitive damages are based on anything other than these Defendants' conduct, an award of punitive damages would violate the due process clause of the United States Constitution, Amendment XIV, and the double jeopardy clause of the United States Constitution, Amendment V, as incorporated into Amendment XIV, and corresponding applicable provisions of the Arkansas Constitution, because any judgment for punitive damages in this case cannot protect these Defendants against impermissible multiple punishment of the same wrong.

WHEREFORE, Defendants, Maxus Properties, Inc. and Landings Acquisition, L.L.C., pray that the Complaint of Plaintiff be dismissed, for their costs herein expended, and for any other necessary proper relief to which they may be entitled.

Respectfully submitted,

  /s/ G. Spence Fricke
G. Spence Fricke
AR Bar Number 79068
Attorneys for Defendants Maxus Properties, Inc. and Landings Acquisition, L.L.C.
Barber Law Firm PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, AR 72201-3483
Telephone: (501) 372-6175 / Fax: (501) 375-2802
E-mail: gsfricke@barberlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Paul James, Esq.
James, Carter & Priebe, LLP
Post Office Box 907
Little Rock, AR 72203-0907
pjj@jamescarterlaw.com

J. Don Overton, Esq.
The Overton Firm, LLC
Post Office Box 2141031
Little Rock, AR 72223
Don@TheOvertonFirm.com

  /s/ G. Spence Fricke
G. Spence Fricke

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Dec-05  10:45:54
60CV-17-6293
C06D02 : 2 Pages

# IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## SECOND DIVISION

**ANTHONY "TONY" JOSEPH DILLON,**
**As Special Administrator of the Estate of**
**Jannell Dillon, deceased,**                                              **PLAINTIFF**

v.                              **Case No. 60CV-2017-6293**

**MAXUS PROPERTIES, INC.; and**
**LANDINGS ACQUISITION, L.L.C.**                              **DEFENDANTS**

## ENTRY OF APPEARANCE

Be it known that J. Don Overton and The Overton Firm, LLC, Arkansas Bar

No. 2007029, hereby makes his appearance in this matter on behalf of the Plaintiff.

Respectfully Submitted,

 /s/ J. Don Overton
J. Don Overton, Esq. (07029)
Attorney for Plaintiff,
The Estate of Janell Dillon
THE OVERTON FIRM, LLC
P.O. Box 241031
Little Rock, AR 72223
Tel: (501) 563-0186
Fax: (501) 396-6987
Don@TheOvertonFirm.com

1

## CERTIFICATE OF SERVICE

I, J. Don Overton, hereby certify that I have filed the foregoing document via the eFlex AOC Court Connect System, and have delivered a copy of the same to the following by placing a copy of the same in the U.S. Mail with postage prepaid, via facsimile, via email, via hand delivery, via eFile or by private process server addressed as set out below this  5th  day of DECEMBER 2017.

Paul J. James, Arkansas Bar #83091
JAMES, CARTER & PRIEBE, LLP
500 Broadway, Suite 400
PO Box 907
Little Rock, Arkansas 72203-0907
Tel 501.372.1414; Fax 501.372.1659
pjj@jamescarterlaw.com

G. Spence Fricke, AR Bar #79068
*Attorneys for Maxus Properties & Landings Acquisition*
Barber Law Firm, PLLC
425 West Capital Ave., Ste 3400
Little Rock, AR 72201
Tel: 501.372.6175; Fax: 501.375.2802
gsfricke@barberlawfirm.com

                                        /s/ J. Don Overton
                                        J. Don Overton

2